717 P.2d 1121

**In the Matter of Esteban A. MARTINEZ, an Attorney Admitted to Practice before the Courts of the State of New Mexico.**

No. 16286.

Supreme Court of New Mexico.

April 17, 1986.

Virginia A. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Esteban A. Martinez, pro se.

OPINION

RIORDAN, Chief Justice.

This matter is before this Court after disciplinary proceedings were conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.Pamp.1985), wherein attorney Esteban A. Martinez was found to have committed violations of NMSA 1978, Code of Prof.Resp. (Repl.Pamp.1985) involving neglect of legal matters entrusted to him and damage to clients. We adopt the Disciplinary Board's findings and conclusions and accepts the Board's recommendations with one modification we find that.

In August 1984, Cepriano Gonzales paid Martinez $130.00 to assist Gonzales' son, Randy, in obtaining visitation rights with his child. Despite repeated efforts by Gonzales, he was never again able to speak with Martinez nor is there any evidence

that Martinez took any action whatsoever on behalf of Gonzales' son. Such conduct is violative of Code of Prof.Resp. Rules 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), and 7–101(A)(2).

In April 1980, Ofelia Montoya asked Martinez to represent her on a personal injury claim. She had previously been negotiating with the defendant's insurance company and had been offered $500.00 to settle her case. On the advice of Martinez, she rejected this offer of settlement. Montoya provided Martinez with all of her medical bills, a $45.00 filing fee, and the location of the defendant. Martinez took no action on the case, and the statute of limitations expired. Despite Montoya's requests, Martinez has failed to return to her the $45.00 filing fee. Martinez' conduct in this instance violates Code of Prof.Resp. Rules 6–101(A)(3), 7–101(A)(1), 7–101(A)(3) and 9–102(B)(4).

■ Martinez also failed to reply to letters from disciplinary counsel requesting information about Gonzales' allegations. Attorneys are obligated to give their full cooperation to disciplinary counsel in discharging their duties. The act of ignoring the inquiries of disciplinary counsel concerning allegations of misconduct is in violation of Code of Prof.Resp. Rule 1–101(C). (Repl.Pamp.1985).

Martinez filed no answer to the charges as specified before the Disciplinary Board, and the allegations were deemed admitted by the Board pursuant to NMSA 1978, Disc.Brd.P. Rule 10(c)(2) (Repl.Pamp.1985). A hearing was conducted to consider factors in mitigation of his conduct, and Martinez appeared at that time.

Martinez testified that he has a case load of over 250 active cases because of his belief that he has an obligation to provide inexpensive legal services to the people of San Miguel County and because he is under contract with the Public Defender to represent indigent persons accused with criminal acts. He also admitted to having problems with keeping reliable secretarial help and conceded that he had no "tickler system" in his office to remind him of deadlines or court appearances. Martinez was apparently overwhelmed by the magnitude of his case management problem. Additionally, he was apologetic and readily agreed to refund the monies paid to him by these clients as well as to pay Montoya the amount she would have received from the insurance company to settle her case. The Disciplinary Board review panel specifically found that Martinez was not motivated by malice, fraud, dishonesty, or any other state of mind in his violations of the Code of Professional Responsibility.

■ This Court has the responsibility of protecting the public from attorneys who exhibit an inability, for whatever reason, to provide clients with competent and timely legal services. As licensed professionals, attorneys are expected to develop procedures which are adequate to assure that they will handle their cases in a proficient fashion and that they will not accept more cases than they can manage effectively. When an attorney fails to do this, he or she may be disciplined even where there is no showing of malicious intent or dishonesty. The purpose of attorney discipline is not to punish the attorney but to insure that members of the public can safely assume that the attorney to whom they entrust their cases is worthy of that trust.

■ The Disciplinary Board review panel recommended that Martinez be suspended from the practice of law for a period of two (2) years but that the suspension be deferred and that he be placed on supervised probation for a period of one (1) year under certain conditions. We agree that probation is appropriate in this case and feel that a period of suspension of one (1) year would be adequate under the circumstances.

IT IS THEREFORE ORDERED that Esteban A. Martinez be and hereby is suspended from the practice of law for a period of one (1) year pursuant to Rules Governing Discipline, Rule 11(a)(2) (Repl.Pamp. 1985).

IT IS FURTHER ORDERED that the one year period of suspension be deferred

and that Martinez be placed on probation for a period of one (1) year pursuant to Rules Governing Discipline, Rule 11(b)(1), commencing on April 1, 1986, under the following conditions:

A. That Martinez meet on a regular basis with attorney Patrick A. Casey, who has agreed to serve as Martinez' supervisor for training and supervision in the areas of law office and case management procedures. A letter from Mr. Casey certifying that Martinez has complied with the supervision requirement must be submitted to disciplinary counsel prior to the termination of Martinez' probation;

B. That Martinez cooperate fully with Mr. Casey by attending all scheduled meetings and by following Mr. Casey's directions with respect to the conditions of his probation in a prompt and satisfactory manner;

C. That with the advice and consent of his supervisor, Martinez take immediate steps to reduce his caseload to manageable proportions, withdrawing from cases in accordance with the requirements of Disciplinary Rule 2–110 and refunding to those clients from whose cases he must withdraw any funds advanced for costs or unearned fees paid in advance;

D. That Martinez cut his caseload of 250 open files to one-half that amount as promptly and as is practicably consistent with his duties under Code of Prof.Resp. Rule 2–110;

E. That Martinez accept new cases only with the consent of his supervisor and only after it has been determined by his supervisor that Martinez' caseload will stay within manageable proportions;

F. That Martinez attend at least two (2) seminars approved by his supervisor which address law office and case management procedures;

G. That Martinez make restitution to Gonzales in the amount of $130.00 (the amount paid for fees and costs) within thirty (30) days of the entry of this order;

H. That Martinez make restitution to Montoya in the amount of $45.00 within thirty (30) days of the entry of this order and that he also make restitution to Montoya in the amount of $500.00 within six (6) months of the entry of this order by paying Montoya the sum of $85.00 per month until the $500.00 is paid;

I. That Martinez commit no violation of any rule of the Code of Professional Responsibility or any successor rule; and,

J. That Martinez respond promptly to any request for information from disciplinary counsel.

Costs of this action in the amount of $394.09 are assessed against Martinez and are to be paid to the Disciplinary Board no later than March 31, 1987.

IT IS SO ORDERED.

FEDERICI, J., not participating.